## CITY OF ARANSAS PASS et al. v. MINTER et al. (No. 8355.)

Court of Civil Appeals of Texas. San Antonio. Oct. 23, 1929.

Rehearing Denied Nov. 13, 1929.

Jas. G. Cook, of Sinton, for appellants.

J. D. Todd, of Corpus Christi, W. B. Moss, of Sinton, and Paul Page, of Ingleside, for appellees.

COBBS, J. This is a suit instituted by the appellees to restrain appellant from building a fire station upon a certain open space of ground between its city hall building and the building and premises of appellees, being a strip of ground about 12½ feet wide. Appellees alleged that the strip of land was an easement appurtenant to their land and premises and could never be used for building purposes; and asked that the temporary injunction as prayed for be made permanent on final hearing of the case.

Appellants answered by general denial and urged general and special exceptions, denying that appellees had the right of an easement, as claimed by them, and, further, that if they did have such an agreement for an easement, as alleged, that same was ultra vires and void, and beyond the power of the city or its authorities to so create or grant such a right of easement for a passageway on and across said city's property; and the answer alleged that the purpose for which appellants desired to use said strip was to erect a fire station to house its fire equipment.

After hearing the case on the application for a temporary injunction, pending the disposition of the case, the same was granted, from which temporary order of the court appellants have appealed to this court.

It is obvious from the record that the case is not fully developed, but appellees exhibit sufficient proof to establish a prima facie case of probable wrong.

We believe that a municipality in its contracts and dealings should be bound, governed, and controlled by the same laws and rules of procedure as those which govern and control individuals, and surely we see no reason why the doctrine of estoppel in a proper case may not become as effective against a municipality as against individuals. In other words, the law, practice, and procedure in their application apply to all alike.

Now to concisely state the case as presented to the trial court: Appellees alleged that there was some kind of an agreement, either by parol or in writing, between them and the city, whereby the open space between appellees' property and that of the city hall building was to remain forever vacant and never be built upon, but to be kept open. It was urged that the city was estopped, both by its word and its written obligation, from building on said so-called easement or vacant space.

There was sufficient evidence shown that justified the trial court to believe that a probable right exists to have the status of the property maintained until the case can be tried on its merits. We refrain at the present time from discussing the case further on its merits, and that leads us to an affirmance of the judgment.